UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>                    Plaintiff,<br><br>               v.<br><br>APPLE INC.,<br><br>                    Defendant. | Civil Action No. 1:25-cv-01821<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Polaris PowerLED Technologies, LLC ("Polaris PowerLED"), by and through its undersigned counsel, files this Complaint against Apple Inc. ("Apple") for Patent Infringement relating to U.S. Patent No. 8,223,117 ("'117 patent") and alleges as follows:

## NOTICE OF RELATED CASES

Plaintiff Polaris PowerLED respectfully informs the Court that the present case involves the infringement of the same patent already in suit in the case styled as: *Polaris PowerLED Technologies, LLC v. Dell et al*, Case No. 1:22-cv-00973-ADA (W.D. Tex). Specifically, U.S. Patent No. 8,223,117 asserted against Apple in this case is the same patent at issue in the previously filed case. The Court the *Dell* case is familiar with the technology and has conducted a *Markman* hearing on the '117 Patent. Therefore, this case meets the "related case" definition under the Western District of Texas' standing orders and Judge Albright's Order Governing Proceedings.

## INTRODUCTION

1.     Polaris PowerLED owns the '117 patent, titled "Method and Apparatus to Control Display Brightness with Ambient Light Correction." The '117 patent covers an important and

novel manner of adjusting the brightness of a display screen in response to ambient light thereby conserving power, reducing eye strain, and significantly improving the experience of the user. The inventions of the '117 patent are a significant advance in the field of display technology, power conservation, and power control for electronics products, including computers, televisions, and mobile phones.

2.      Polaris PowerLED informed Apple of its respective infringement of the '117 patent long before filing this lawsuit. It did so in an effort to resolve this matter by requesting that defendant cease from using Polaris PowerLED's patented technology without permission. Apple knowingly continued in its improper behavior violating Polaris PowerLED's patent rights, continues to do so today, and will continue to do so until this Court puts a stop to Apple's willful infringement.

## THE PARTIES

3.      Plaintiff Polaris PowerLED is a California limited liability company, with its address at 5150 East Pacific Coast Highway, Suite 200, Long Beach, California 90804

4.      On information and belief, Apple is a corporation organized under the laws of the State of California, having places of business at 2545 Riata Vista Circle, Austin, Texas 78727, 6900 W Parmer Lane, Austin, Texas 78729, and at 1 Apple Park Way in Cupertino, California 95014.

## JURISDICTION AND VENUE

5.      Plaintiff incorporates by reference and re-alleges paragraphs 1-4 as fully set forth herein.

6.      This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Defendant consistent with the Texas Long Arm Statute and the Due Process Clause of the Fourteenth Amendment. Defendant has purposely availed themselves of the benefits and protections of Texas. Defendant has maintained a presence in this District for years. Defendant conducts continuous and systematic business in this District, including, among other acts, offering infringing products and services to those residing in this District and soliciting business from people residing in this District. Defendant makes infringing sales of the accused products in this District. Defendant has committed infringing acts within the Western District of Texas giving rise to this action and has established minimum contacts within the forum state of Texas. The Court's exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice because Apple Inc. has established minimum contacts with the forum.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Apple has committed acts of infringement and have regular and established places of business in this District. Apple has committed acts of infringement in this District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products that infringe the '117 patent, as alleged herein. Apple has additionally committed acts of infringement in this District, indirectly, by, among other things, inducing others to infringe the '117 patent, as alleged herein.

9. This Court has general jurisdiction over Defendant due to its continuous and systematic contacts with the State of Texas, including its ownership and/or lease of land in the State of Texas, and other business activities throughout the State of Texas.

10. On information and belief, Apple maintains many regular and established places

3

of business within the Western District of Texas including: (1) offices at its two Austin campuses located at 12545 Riata Vista Circle, Austin, Texas 78727 and 6900 W Parmer Lane, Austin, Texas 78729; (2) a manufacturing facility in Austin; (3) an engineering center at 320 S. Capital of Texas Hwy, West Lake Hills, Texas 78746; and (4) retail stores located at (a) 2901 S. Capital of Texas Highway, Austin, Texas 78746, (b) 3121 Palm Way, Austin, Texas 78758, (c) 7400 San Pedro Avenue, San Antonio, Texas 78216, (d) 15900 La Cantera Parkway, San Antonio, Texas 78256, and (e) 8401 Gateway Boulevard West, El Paso, Texas 79925. On information and belief, and according to publicly available reports, the Apple Austin campus at 6900 W Parmer Lane initially employed 5,000 people with the ability to employ up to 15,000 people. See https://www.apple.com/newsroom/2019/11/apple-expands-in-austin/ (last visited May 27, 2025).

11. The Western District of Texas has been established as an appropriate venue for patent infringement cases against Apple in other cases. For example, in *Carbyne Biometrics, LLC v. Apple Inc.*, No. 1:23-cv-00324-ADA, (W.D. Tex. Feb. 12, 2024) ECF No. 84, Hon. Alan D Albright denied Apple's motion to transfer the case to the Northern District of California. The Federal Circuit upheld this decision, denying Apple's petition for a writ of mandamus seeking to reverse the district court's ruling. *In re Apple Inc.*, No. 2024-111, 2024 WL 1153977 (Fed. Cir. Mar. 18, 2024). Accordingly, the Western District of Texas is the proper venue for Polaris PowerLED's action against Apple, consistent with the facts and reasoning in the *Carbyne* litigation.

**THE PATENT-IN-SUIT**

12. Polaris PowerLED owns the entire right, title, and interest in the '117 patent, which is titled "Method and Apparatus to Control Display Brightness with Ambient Light Correction." The '117 patent issued on July 17, 2012, to inventor Bruce R. Ferguson from U.S. Patent

Application No. 12/336,990, filed on December 17, 2008. A true and correct copy of the '117 patent is attached as Exhibit 1 to this Complaint.

13. Bruce Ferguson invented a novel manner of adjusting the brightness of a display screen in response to ambient light, thereby conserving power, reducing eye strain, and significantly improving the experience of the user. His inventions were a significant advance in the field of display technology, power conservation and power control for electronics products, including computers, televisions, and other devices. Mr. Ferguson patented these innovations in the '117 patent. An exemplary claim from the '117 patent is shown below.

Claim 1 of the '117 patent, for example, reads as follows:

1. A brightness control circuit with selective ambient light correction comprising:

a first input configured to receive a user signal indicative of a user selectable brightness setting;

a light sensor configured to sense ambient light and to output a sensing signal indicative of the ambient light level;

a multiplier configured to selectively generate a combined signal based on both the user signal and the sensing signal; and

a dark level bias configured to adjust the combined signal to generate a brightness control signal that is used to control a brightness level of a visible display such that the brightness control signal is maintained above a predetermined level when the ambient light level decreases to approximately zero.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 8,223,117 BY APPLE)

14. Polaris PowerLED incorporates by reference paragraphs 1-13 above.

15. Apple has directly infringed, and continues to directly infringe one or more claims of the '117 patent, including at least claim 1 of the '117 patent, literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling within the United States, and/or importing into the United States laptop computer and mobile phones products (the "Apple Accused Products"), including, for example, the MacBook Air and MacBook Pro series laptop

computers and the iPhone 11, iPhone 11 Pro, iPhone 11 Pro Max, iPhone 12, iPhone 12 mini, iPhone 12 Pro, iPhone 12 Pro Max, iPhone 13, iPhone 13 mini, iPhone 13 Pro, iPhone 13 Pro Max, iPhone 14, iPhone 14 Plus, iPhone 14 Pro, iPhone 14 Pro Max, iPhone 15, iPhone 15 Plus, iPhone 15 Pro, iPhone 15 Pro Max, iPhone 16, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 16e, iPhone 17, iPhone 17 Pro, iPhone 17 Pro Max, and iPhone Air mobile phones that contain ambient light sensors and automatic brightness control features in violation of 35 U.S.C. § 271(a).

16.     The Apple Accused Products include "a brightness control circuit with selective ambient light correction" as required by claim 1. For example, the Apple Accused Products contain a brightness control circuit with hardware components and/or software that detects ambient light and adjusts the brightness based on the ambient light level. For example, the Apple Accused Products contain at least an ambient light sensor that detects ambient light as well as a processor and software. The brightness control circuit implements selective ambient light correction, such as, for example, in the automatic brightness control feature based on the settings of the Apple Accused Products.

17.     The MacBook Pro, for example, contains a processor and software that embodies the "a brightness control circuit with selective ambient light correction" as shown below with respect to the "Automatically adjust brightness" feature, which can be selectively turned on or off. This feature is described and promoted by Apple. Ex. 3 (https://support.apple.com/en-lk/guide/mac-help/mchlp2704/26/mac/26).

6



18.     The "Automatically adjust brightness" feature is enabled by default in the MacBook Air and MacBook Pro series of laptop computers when these products are sold to customers.

19.     As another representative example, the iPhone 15 Pro contains a processor and software that embodies the "a brightness control circuit with selective ambient light correction" as shown below with respect to the "Auto-Brightness" feature, which can be selectively turned on or off. This feature is described and promoted by Apple. Ex. 2 (https://support.apple.com/en-lk/guide/iphone/iph60ba71065/18.0/ios/18.0).



20.     The "Auto-Brightness" feature is enabled by default in the iPhone 11, iPhone 11 Pro, iPhone 11 Pro Max, iPhone 12, iPhone 12 mini, iPhone 12 Pro, iPhone 12 Pro Max, iPhone 13, iPhone 13 mini, iPhone 13 Pro, iPhone 13 Pro Max, iPhone 14, iPhone 14 Plus, iPhone 14 Pro, iPhone 14 Pro Max, iPhone 15, iPhone 15 Plus, iPhone 15 Pro, iPhone 15 Pro Max, iPhone 16, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 16e, iPhone 17, iPhone 17 Pro, iPhone 17 Pro Max, and iPhone Air mobile phones when these products are sold to customers.

21.     The Apple Accused Products include "a first input configured to receive a user signal indicative of a user selectable brightness setting" as required by claim 1 of the '117 patent. The Apple Accused Products include, for example, a brightness slider bar providing a user selectable brightness setting based on the position of the slider bar. As a result of the user moving the slider bar, the system, in hardware and/or software, generates a user signal indicative of the

8

user selectable brightness setting. The Apple Accused Products include hardware and/or software with a first input that is configured to receive the user signal. For example, the Apple Accused Products may store the received user signal in a software variable.

22.     For example, a user may use the brightness slider bar on the Apple Accused Products like the MacBook Pro to provide a user selectable brightness setting. Ex. 3.



23.     Similarly, a user may use the brightness slider bar on the Apple Accused Products like the iPhone 15 Pro to provide a user selectable brightness setting. Ex. 2.



24.    The Apple Accused Products include "a light sensor configured to sense ambient light and to output a sensing signal indicative of the ambient light level" as required by claim 1 of the '117 patent. The ambient light sensor present in the Apple Accused Products is configured to sense ambient light and to output a sensing signal indicative of the ambient light level. For example, Apple's MacBook Pro computers also have an "ambient light sensor." Ex. 6 (https://www.apple.com/mac/compare/?modelList=MacBook-Pro-14-M5,MacBook-Air-M4-15,MacBook-Air-M4). Apple's product literature further states that "the ambient light sensor" is "located at the top of the computer display near the camera." Ex. 7 (https://support.apple.com/en-us/117310#display2). Similarly, Apple's website admits that the iPhone 15 Pro, like the other accused iPhone models, have an "ambient light sensor." Ex. 4

10

(https://www.apple.com/iphone/compare/?modelList=iphone-15-pro,iphone-15-pro-max,iphone-15); Ex. 5 (https://support.apple.com/en-us/101966#display3).

25. The Apple Accused Products also include "a multiplier configured to selectively generate a combined signal based on both the user signal and the sensing signal" as required by claim 1 of the '117 patent. The Apple Accused Products have a multiplier in hardware and/or software that is configured to generate a combined signal based on both the user signal and the sensing signal. The multiplier selectively generates the combined signal depending on the configured settings.

26. The Apple Accused Products include "a dark level bias configured to adjust the combined signal to generate a brightness control signal that is used to control a brightness level of a visible display such that the brightness control signal is maintained above a predetermined level when the ambient light level decreases to approximately zero" as required by claim 1 of the '117 patent. The dark level bias is stored in hardware or as a software variable and is used to adjust the combined signal to generate a brightness control signal that is used to control a brightness level of a visible display such that the brightness control signal is maintained above a predetermined level when the ambient light level decreases to approximately zero. The dark level bias is used to adjust the combined signal to generate a brightness control signal in the Apple Accused Products. When the ambient light level decreases to approximately zero, the dark level bias is used such that the brightness control signal is maintained above a predetermined level. This can prevent the display from becoming unreadable in very low ambient light conditions.

27. Apple has also indirectly infringed and continues to indirectly infringe the '117 patent by inducing infringement of the '117 patent by its customers, end users, and third parties. Apple received notice of the '117 patent and of its infringement of the '117 patent by no later than

January 27, 2020, by virtue of a letter from Polaris PowerLED to Apple. From at least the time that Apple received notice, Apple has been actively inducing its customers, end users, and third parties to infringe at least claim 1 of the '117 patent through its advertising materials, product manuals, website, and promotional materials among other documents. *See, e.g.,* Ex. 2; Ex. 8 (https://support.apple.com/en-lk/guide/iphone/iph60ba71065/26/ios/26); Ex. 9 (https://support.apple.com/en-lk/guide/iphone/iph60ba71065/17.0/ios/17.0); Ex 10 (https://support.apple.com/en-lk/guide/iphone/iph60ba71065/16.0/ios/16.0); Ex. 11 (https://support.apple.com/en-lk/guide/iphone/iph60ba71065/15.0/ios/15.0); Ex. 12 (https://support.apple.com/en-lk/guide/iphone/iph60ba71065/14.0/ios/14.0); Ex. 13 (https://support.apple.com/en-lk/guide/iphone/iph60ba71065/13.0/ios/13.0); Ex. 14 (https://www.apple.com/batteries/maximizing-performance/); Ex. 3; Ex. 15 (https://support.apple.com/en-lk/guide/mac-help/mchlp2704/15.0/mac/15.0); Ex. 16 (https://support.apple.com/en-lk/guide/mac-help/mchlp2704/14.0/mac/14.0); Ex. 17 (https://support.apple.com/en-lk/guide/mac-help/mchlp2704/13.0/mac/13.0); Ex. 18 (https://support.apple.com/en-lk/guide/mac-help/mchlp2704/12.0/mac/12.0); Ex. 19 (https://support.apple.com/en-lk/guide/mac-help/mchlp2704/11.0/mac/11.0); Ex. 20 (https://support.apple.com/en-lk/guide/mac-help/mchlp2704/10.15/mac/10.15).

28.  Apple has specifically intended, and still intends, that its customers, end users, and third parties infringe the '117 patent. Apple has been, and still is, aware that the acts of its customers, end users, and third parties in making and using the automatic brightness and ambient light sensor features of Apple's iPhone and laptop computer products infringe one or more claims of the '117 patent, including at least claim 1. Apple has known and intended that its continued

actions would actively induce the infringement of one or more claims of the '117 patent, including at least claim 1, by its customers, end users, and third parties.

29.     With knowledge of both the '117 patent and its infringement of the '117 patent, Apple has acted with specific intent or willful blindness to actively aid and abet its customers, end users, and third parties in infringing the '117 patent by making and using the automatic brightness and ambient light sensor features of Apple's iPhone and laptop computer products in a manner constituting direct infringement of at least claim 1 of the '117 patent. Apple is thus liable for infringement of the '117 patent under 35 U.S.C. § 271(b).

30.     On information and belief, Apple's past and continuing infringement has been deliberate and willful, and this case is therefore an exceptional case, which warrants award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285.

31.     Apple has willfully infringed, and continues to willfully infringe, the '117 patent. By at least as early as January 27, 2020, when Polaris PowerLED sent Apple a letter regarding its infringement of the '117 patent, Apple had actual knowledge of the '117 patent and knowledge that its activities were infringing the '117 patent. After receiving actual knowledge of the '117 patent and of its infringement of the '117 patent, Apple willfully continued to make, use, sell, offer for sale, and/or import into the United States infringing iPhone and laptop computer products despite knowing that there was a high likelihood of infringement and, in fact, being on notice of such infringement. In fact, Apple continued to actively promote the infringing automatic brightness control and ambient light sensor features in its iPhone and laptop computer products. Exs. 2-3; Exs. 8-20.

32.     As a result of Apple's infringement of the '117 patent, Polaris PowerLED has suffered monetary damages and is entitled to no less than a reasonable royalty for Apple's use of

the claimed inventions of the '117 patent, together with interest and costs as determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Polaris PowerLED respectfully prays for the following relief:

(A) A judgment that Apple has directly infringed and continues to directly infringe one or more claims of the '117 patent literally and/or under the doctrine of equivalents under 35 U.S.C. § 271(a);

(B) A judgment that Apple has indirectly infringed and continues to indirectly infringe one or more claims of the '117 patent by inducing infringement under 35 U.S.C. § 271(b);

(C) Compensatory damages in an amount according to proof, and in any event no less than a reasonable royalty, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

(D) A judgment that Apple willfully infringed and continues to willfully infringe one or more claims of the '117 patent and awarding treble damages for willful infringement pursuant to 35 U.S.C. § 284;

(E) A judgment that this is an exceptional case and awarding Polaris PowerLED its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

(F) A judgment granting Polaris PowerLED such further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Polaris PowerLED hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: November 12, 2025

Respectfully submitted,

*/s/ Mark D. Siemund*
Robert F. Kramer (*pro hac vice* forthcoming)
rkramer@krameralberti.com
Russell S. Tonkovich (*pro hac vice* to be filed)
rtonkovich@kramerday.com
James Barabas (*pro hac vice* to be filed)
jbarabas@krameralberti.com
Aidan Brewster (*pro hac vice* to be filed)
abrewster@krameralberti.com
**KRAMER ALBERTI LIM & TONKOVICH LLP**
950 Tower Lane, Suite 1725
Foster City, CA 94404
Telephone: (650) 825-4300
Facsimile: (650) 460-8443

Nicole Glauser
Texas State Bar No. 24050694
nglauser@krameralberti.com
**KRAMER ALBERTI LIM & TONKOVICH LLP**
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (737) 256-7784
Facsimile: (650) 460-8443

Mark D. Siegmund
Texas State Bar No. 24117055
msiegmund@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES, PC**
7901 Fish Pond Rd., 2nd Fl
Waco, TX 76710
Telephone: (254) 732-2242

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*